UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES LYNN KIDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0596-CVE-FHM |
| | ) | |
| TERRY MARTIN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing pro se.   Before the Court is Petitioner's amended petition for habeas corpus relief (Dkt. # 16). Respondent filed a response (Dkt. # 18), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 11, 12, 18).  Petitioner filed a reply (Dkt. # 21). For the reasons discussed below, the Court finds the amended petition shall be denied.

### BACKGROUND

A.     **Factual Background**

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts found by the state court are presumed correct. Following review of the record, trial transcripts, trial exhibits, and other materials submitted by the parties, the Court finds the factual summary by the OCCA is adequate and accurate. Therefore, the Court adopts the following summary as its own.

Around 3:10 a.m., February 22, 2003, Kenneth Maxwell reported seeing a house on fire at 502 S. Yorktown in Tulsa. The 911 tape of Maxwell's call recorded his brief encounter with an unidentified male right before the line went dead. Tulsa

---

[1]     Terry Martin is the current warden of the Dick Conner Correctional Center, and shall be substituted as the proper party respondent pursuant to Fed. R.Civ.P. 25(d)(1).

firemen arrived at the burning residence four minutes later. Kenneth Maxwell's Nissan Altima blocked the road in front of the house. Fireman Justin Buthod tried to rouse the driver, assuming that he had passed out drunk at the wheel. Maxwell never responded, because he had been fatally shot in the back of the head.

Inside the Yorktown residence, firemen found a man later identified as Fred Barney on his back in a pool of blood, partially covered with a floor rug. Fire blazed in the kitchen, where a stove had been pulled from the wall; its gas line compromised and ignited. Firemen shut off the gas and quelled the flames. They left the house to preserve the crime scene. During a further sweep for others who might be injured, they found Rebecca Barney, nude and lying on a bed, her face covered with pillows. She was critically injured by a gunshot to the head. Investigators later observed blood stains and bullet holes in the pillows.

Fred Barney was dead at the scene. Rebecca Barney and Kenneth Maxwell died without ever regaining consciousness. Preliminary investigation of the wounds to all three shooting victims suggested the killer used a small firearm of either .22 or .25 caliber, a fact later verified by examination of the bullets recovered from the bodies. Investigating the scene, police found no signs of forced entry, but concluded a computer tower was missing. Not far from Fred Barney's body, police found a female's jeans, underwear, shirt, socks, and eyeglasses, neatly arranged on the floor. In the home office, wires dangled where the computer tower had been; the monitor had tumbled to the floor. Police also recovered a computer-printed photograph of Appellant, identified by the username "Trueheart481." Another printed sheet linked Appellant to the username "Cowboy4you67." Investigators also checked the caller ID device and collected the numbers of calls to the residence. The last call placed to the Barney's residence, around 9:30 p.m. on February 21, 2003, checked to the telephone number of Appellant's mother's house in Braggs, Oklahoma.

See Opinion in OCCA Case No. F-2004-1267, Dkt. #11, Ex. 3.

**B.    Procedural history**

Following an investigation of the above described events by multiple law enforcement agencies, Petitioner was arrested and charged with three (3) counts of first degree murder in Tulsa County District Court Case No. CF-2003-1127. Petitioner was tried by a jury and found guilty on all three counts.  On December 15, 2004, Petitioner was sentenced to life imprisonment without the possibility of parole on each of the three counts, to run consecutively. At trial, Petitioner was

represented by attorneys from the Tulsa County Public Defenders' Office, Pete Silva and Sid Conway.

Petitioner appealed his convictions to the OCCA.   Represented by attorney Stuart Southerland, he raised seven (7) propositions of error:

Proposition One:     Appellant was detained in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution as well as Article II § 30 of the Oklahoma Constitution and it was reversible error to admit statements made as a result of the custodial interrogation during Appellant's unlawful detention.

Proposition Two:     The affidavits in support of the search warrants were insufficient to justify the issuance of the warrants, requiring the suppression of the fruits of the search.

Proposition Three:   The language of the search warrants at issue herein failed to "substantially" comply with 22 O.S. 2001, § 1226. The highway patrolmen serving the warrants were unauthorized to do so, requiring the suppression of the fruits of the searches.

Proposition Four:    Should this court find that state troopers were authorized to serve the search warrants, the fruits of the searches must nonetheless be suppressed as the warrants were not executed by members of the Oklahoma Highway Patrol.

Proposition Five:    The jury instructions relating to reasonable doubt and circumstantial evidence served to deprive Appellant's right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

Proposition Six:     The evidence was insufficient to support a finding of guilt by proof beyond a reasonable doubt.

Proposition Seven:   The accumulation of error in this case deprived Appellant of due process of law, necessitating reversal pursuant to the Fourteenth Amendment to the United States Constitution as well as Article II § 7 of the Oklahoma Constitution.

(Dkt. # 11, Ex. 1).  In an unpublished opinion filed February 26, 2007, in Case No. F-2004-1267

(Dkt. # 11, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial

court.

On May 20, 2008, Petitioner filed his first application for post-conviction relief in the state

district court. See Dkt. # 11, Ex. 4. He raised the following four (4) grounds of error:

1.      Petitioner was denied the effective assistance of both trial and appellate counsel as
        guaranteed by the Sixth Amendment to the United States Constitution and the
        Oklahoma Constitution in Art. II § 6, 7 and 9.

2.      There was insufficient evidence to convict Mr. Kidwell of the crimes charged.

3.      It was an abuse of discretion by trial court Judge Jesse Harris to summarily overrule
        Petitioner's pretrial motions.

4.      The accumulation of error in this case deprived the Petitioner of due process of law,
        in violation of the Fourteenth Amendment of the United States Constitution and his
        Eighth Amendment right to a fair trial, duly protected in the Oklahoma Constitution
        in Article II, § 6, 7 and 20.

Id. The trial court denied post-conviction relief on June 11, 2008.  Id., Ex. 5. Petitioner appealed.

By order filed September 19, 2008, in Case No. PC-2008-0669, the OCCA affirmed the denial of

post-conviction relief. Id., Ex. 6.

On July 9, 2009, Petitioner filed his second application for post-conviction relief in the state

district court. See Dkt. # 18, Ex. 7. The trial court denied this second application on August 4, 2008.

Id., Ex. 10. Petitioner appealed. Id., Ex. 11. In his supporting brief filed in the second post-

conviction appeal, Petitioner identified the following ground for relief:

1.      The district court erred in their [sic] interpretation of this court's recent ruling in
        *Nilsen v. State*, 2009 OK CR 6, 203 P.3d 189 (Okl.Cr. 2009) and its applicability to
        the Appellant.

Id.  By order filed January 13, 2010, in Case No. PC-2009-728, the OCCA affirmed the denial of

Petitioner's second application for post-conviction relief. Id., Ex. 12.

Petitioner filed his federal habeas corpus petition on October 7, 2008 (Dkt. # 1). With leave

of Court (Dkt. # 15), Petitioner filed an amended petition[2] on April 13, 2010 raising nine (9) grounds

of error,[3] as follows:

> Ground One:       Petitioner was detained in violation of Fourth and Fourteenth
>                   Amendments to the U.S. Constitution, as well as Article II § 30 of the
>                   Oklahoma Constitution and it was reversible error to admit
>                   statements alleged to have been made as a result of the custodial
>                   interrogation during Petitioner's unlawful detention.
>
> Ground Two:       The affidavits in support of the search warrants were insufficient to
>                   justify the issuance of the warrants, requiring the suppression of the
>                   search.
>
> Ground Three:     The language of the search warrants at issue herein failed to
>                   "substantially" comply with 22 O.S. 2001 § 1226. The highway
>                   patrolmen serving the warrants were unauthorized to do so, requiring
>                   the suppression of the warrants.
>
> Ground Four:      Should this court find that state troopers were authorized to serve the
>                   search warrants, the fruits of the searches must nonetheless be
>                   suppressed as the warrants were not executed by members of the
>                   highway patrol.

---

[2]     As noted by this Court in its Order dated December 27, 2010, Petitioner raised the same nine
claims in the amended petition as raised in the original petition. He did not seek to add new
claims, but supplemented his argument in ground one with a recent OCCA opinion. See Dkt.
# 15.

[3]     Petitioner listed these grounds of error without a detailed explanation or argument. Instead,
he referred the Court to the applicable section of either his direct appeal brief or post-
conviction brief. Accordingly, the Court will rely, where necessary, on the arguments made
by Petitioner in state court proceedings.

| | |
|---|---|
| Ground Five: | The jury instructions relating to reasonable doubt and circumstantial evidence served to deprive Appellant's right to due process in violation of the Fourteenth Amendment to the United States Constitution. |
| Ground Six: | The evidence was insufficient to support a finding of guilt by proof beyond a reasonable doubt. |
| Ground Seven: | Petitioner was denied the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution at both trial and on direct appeal. |
| Ground Eight: | It was an abuse of discretion by trial court Judge Jesse Harris to summarily overrule Petitioner's pretrial motions. |
| Ground Nine: | The accumulation of error in this case deprived the Petitioner [of] his Fourteenth Amendment right to due process of law and his Eighth Amendment right to a fair trial. |

See Dkt. # 16.  In response to the amended petition, Respondent argues Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).  See Dkt. # 18.

### ANALYSIS

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal and post-conviction.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

6

convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not precluded or procedurally barred, his claims shall be reviewed pursuant to § 2254(d). Insofar as Petitioner claims a violation of the Oklahoma Constitution, those claims are denied because they are not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

1.      **Fourth Amendment claims (grounds 1-4)**

As noted by Respondent, Petitioner's first four grounds for relief mirror the same Fourth Amendment claims raised by Petitioner on direct appeal in his first four propositions or error. In ground one, Petitioner claims that he was unlawfully detained in Gore, Oklahoma, after the Gore police department was contacted by Tulsa police seeking assistance in locating him. He contends that statements he made during his custodial interrogation should not have been admitted at trial. In his second ground, Petitioner complains that evidence taken during the searches of his mother's home, his vehicle, and his person should have been suppressed because of deficiencies in the search warrants. He argues in ground three that the highway patrolmen who served the search warrants were not authorized to do so. In ground four, Petitioner argues that the fruits of the searches should have been suppressed because the officers who served the search warrants were not the ones who conducted the searches.  The OCCA denied relief on all four propositions. Respondent contends that Petitioner has been provided the opportunity to fully and fairly litigate these Fourth Amendment issues, thus precluding habeas relief according to Stone v. Powell, 428 U.S. 465 (1976).

In Stone v. Powell, the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. Id. at482.  The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim.  Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008);   Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claims because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate these claims.  Prior to commencement of trial, Petitioner filed a motion to suppress, along with a supporting brief, <u>see</u> Dkt. # 12, O.R. Vol. 1 at 47, in which he challenged the validity of the searches of his mother's home, his vehicle, and his person.  After a hearing before a state court magistrate, Petitioner's motion to suppress was overruled. <u>Id.</u> at 4 (docket entry dated June 26, 2003). On December 9, 2003, Petitioner reurged his motion to suppress before the district court judge. <u>See</u> Dkt. # 11, Ex. 1 at 20. Again, the motion was overruled. <u>Id.</u>  As indicated above, Petitioner also raised his Fourth Amendment claims on direct appeal, <u>see id.</u>, where they was rejected by the OCCA, <u>see id.</u>, Ex. 3.

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts.  As a result, this Court is precluded from considering the issues raised in grounds one through four of Petitioner's petition for a writ of habeas corpus based on <u>Stone v. Powell</u>, 428 U.S. at 494; <u>see also</u> <u>Gamble</u>, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under <u>Stone v. Powell</u> includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards).  Petitioner's requests for habeas relief premised on violations of the Fourth Amendment shall be denied.

### 2.    Jury instruction error (ground five)

In his fifth ground for relief, Petitioner maintains that the trial court erred by giving an improper jury instruction on the meaning of  circumstantial evidence. He asserts that the trial judge should have instructed the jury that circumstantial evidence must be so strong as to exclude every

reasonable hypothesis other than guilt. The OCCA found no error in the district court's instruction on circumstantial evidence. See Dkt. # 11, Ex. 3 at 9. Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue. The Court agrees.

The OCCA found that the instruction being challenged by Petitioner properly followed Easlick v. State, 90 P.3d 556 (Okla. Crim. App. 2004). A state court's interpretation of state law is binding on this court. See Rael v. Sullivan, 918 F.2d 874, 876 (10th Cir. 1990) (citing Mullaney v. Wilbur, 421 U.S. 684 (1975)). This Court will not set aside a state conviction on habeas corpus review on the basis of alleged erroneous jury instructions "'unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979)). In determining whether a jury instruction has rendered a trial fundamentally unfair, the question is whether the challenged instruction "so infected the trial that the resulting conviction violates due process." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997). Because the OCCA determined that the jury instruction complied with Oklahoma law, this Court is bound by the OCCA's interpretation of the Oklahoma law. Rael, 918 F.2d at 877. Petitioner has not met his burden of demonstrating that his trial was rendered fundamentally unfair. He is not entitled to habeas corpus relief on ground five.

**3.    Insufficient evidence (ground six)**

In his sixth proposition of error, Petitioner claims that the State presented insufficient evidence to support his convictions for first degree murder because the State based its case on circumstantial evidence. He argues that the State's only evidence was that Petitioner was the last

person to see the victims alive, and he lied about having sex with Rebecca Barney on the night of the murders. See Dkt. # 11, Ex. 1 at 48. The OCCA summarily rejected this claim on direct appeal, finding as follows:

> Appellant challenges the sufficiency of the evidence in Proposition 6. Reviewing the evidence and reasonable inferences in the light most favorable to the State, any rational trier of fact could find the elements of the charged offenses beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-204.

(Dkt. # 11, Ex. 3 at 9).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

The Court finds that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of three counts of murder in the first degree. In applying the Jackson standard, the Court looks to Oklahoma law to determine the substantive elements of the relevant criminal offense. Jackson, 443 U.S. at 324 n.16. Under Oklahoma law, first degree murder is defined as unlawfully killing another person with malice aforethought. Okla. Stat. tit. 21, § 701.7. "Premeditated design sufficient to establish malice aforethought may be inferred from the fact of killing alone, unless the

facts and circumstances raise a reasonable doubt as to whether such design existed." Hancock v. State, 155 P.3d 796, 812 (Okla. Crim. App. 2007).

Petitioner admitted to the police that he went with Rebecca and Fred Barney to the Barney residence sometime between 1:45 a.m. and 2:00 a.m. on February 23, 2003 (Dkt. # 12, Tr. Trans. Vol. 10 at 76). DNA extracted from semen collected from Rebecca Barney's vagina, anus, and mouth, matched Petitioner's DNA. Id. at 114. Rebecca Barney's DNA was identified on a sweatshirt found in Petitioner's mother's home (Id. at 43-45), and on the gearshift knob of Petitioner's vehicle (Dkt. # 12, Tr. Trans. Vol. 11 at 127). Nothing was stolen from the Barney residence except a computer tower. Papers found near the computer revealed several communications between Petitioner and Rebecca Barney through Internet dating services (Dkt. # 12, Tr. Trans. Vol. 9 at 97-113).

In addition to the OCCA's factual summary quoted in the "Factual Background" section above, the OCCA also noted the following:

> Jack Harris, a jailhouse informer, testified that Appellant confided his worries about the DNA police would find "on her" and the "time frame." Harris also recounted statements by Appellant that Ms. Barney was introducing him at Arnie's Bar as her "cowboy," her "Internet boyfriend," or "the cowboy with the ten inch dick." Harris also recalled Appellant fretting about whether FBI voiceprint technology would allow a positive identification of the voice overheard on Kenneth Maxwell's 911 call, in which case, Appellant said, "I'm fucked."

(Dkt. # 11, Ex. 3 at 6-7). Petitioner has not rebutted the presumption of correctness of these factual determinations by clear and convincing evidence. 28 U.S.C. § 2254(e).

The Court concludes that the evidence was sufficient to support Petitioner's convictions, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1). Nor was it an

unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on his ground six proposition of error.

### 4.      Ineffective assistance of appellate counsel (ground 7)

As part of his ground seven proposition, Petitioner claims that his appellate counsel provided ineffective assistance because he failed to raise the following ineffective assistance of trial counsel claims on direct appeal: (1) failure to seek funds to hire a computer analyst to explain the computer evidence from the defense's point of view; (2) failure to seek funds to hire an independent DNA lab; (3) failure to procure a psychiatric evaluation of Petitioner; and (4) improperly advised and convinced Petitioner not to testify at trial. He also argues that his appellate counsel sent a copy of the direct appeal brief to Petitioner too late for Petitioner to have the opportunity to review the brief. These claims of ineffective assistance of appellate counsel were raised as part of ground one in Petitioner's first application for post-conviction relief (Dkt. # 11, Ex. 4). The district court found that Petitioner's appellate counsel was "reasonably competent." See Dkt. # 11, Ex. 5 at 6. Petitioner appealed to the OCCA.

In resolving Petitioner's claims of ineffective assistance of appellate counsel in his first post-conviction appeal, the OCCA cited Cartwright v. State, 708 P.2d 592 (Okla. Crim. App. 1985), and found that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument [sic] regardless of merit." See Dkt. # 11, Ex. 6. That premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the

focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and thus (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law); see also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of Petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze de novo Petitioner's claim of ineffective assistance of appellate counsel for failing to raise claims of ineffective assistance of trial counsel.[4]

When evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland v. Washington, 466 U.S. 668 (1984), two-pronged standard used for general claims of

---

[4]    In denying claims of ineffective assistance of appellate counsel, the OCCA routinely misstates the applicable standard.  When the OCCA states, as it did in this case, that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument [sic] *regardless of merit,*" see Dkt. # 11, Ex. 6 (emphasis added), this Court can only conclude that the OCCA would find that appellate counsel provides constitutionally effective assistance even if a meritorious claim is omitted on direct appeal.  However, no Supreme Court opinion stands for the proposition espoused by the OCCA: that appellate counsel is not required to advance a meritorious argument. The OCCA's misstatement of the standard governing ineffective assistance of appellate counsel claims may be traced to its misstatement of the Supreme Court's holding in Jones v. Barnes, 463 U.S. 745 (1983). In Barnes, the Supreme Court addressed "whether a criminal defendant has a constitutional right to have appellate counsel raise every nonfrivolous issue that the defendant requests." Id. at 754 n.7.  The Supreme Court ruled that "[n]othing in the Constitution or our interpretation of that document requires such a standard." Id. at 754.  The OCCA has morphed the holding of Barnes into the misstatement of the law set forth in Cartwright, 708 P.2d at 593-94, in this case, and in numerous other cases, i.e., that appellate counsel "is not required to advance every argument regardless of merit."   Because that legal premise is wrong as a matter of federal constitutional law, this Court owes no deference to the OCCA's adjudication of Petitioner's ineffective assistance of appellate counsel claim.  Malicoat, 426 F.3d at 1248; Cargle, 317 F.3d at 1202-05.

14

ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing

to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins

v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's

failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v.

Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). The Court shall

address each of the claims of ineffective assistance of trial counsel omitted by appellate counsel on

direct appeal.

### a.      Failure to hire a computer analyst

Petitioner first complains that trial counsel failed to hire and produce a computer analyst at

trial "who could have better explained the computer-related evidence from the defense's point of

view." He argues that a computer analyst could have testified about common practices for persons

involved in Internet dating.

In order to establish that trial counsel was constitutionally ineffective, Petitioner must satisfy

both prongs of the test established in Strickland. Under Strickland, Petitioner must show that his

counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687;

Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). He can establish the first prong by

showing that counsel performed below the level expected from a reasonably competent attorney in

criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's

conduct falls within the range of reasonable professional assistance." Id. at 688. In making this

determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's

performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.  To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The Court finds that Petitioner has failed to satisfy the prejudice prong of the Strickland standard. Petitioner has not convinced the Court that testimony from a computer analyst regarding common practices of persons utilizing Internet dating sites would have resulted in a different outcome at trial.

**b.      Failure to hire an independent DNA lab**

Likewise, Petitioner has failed to demonstrate how the hiring of an independent DNA lab would have resulted in a different outcome at trial. He does not claim that the DNA results presented to the jury were inaccurate, and nothing in the record indicates the DNA testimony was flawed. Petitioner merely speculates that a second DNA expert could have convinced the jury that he was not guilty. The Court does not find that trial counsel's failure to hire an independent DNA lab for testing was deficient performance, nor was it prejudicial to Petitioner's defense.

**c.      Failure to procure psychiatric testing of Petitioner**

It is unclear what Petitioner believes could have been accomplished had his counsel procured psychiatric testing as Petitioner now claims he should have done. Petitioner does not allege that he

16

was incompetent to stand trial, nor does he suggest that he was legally insane at the time of the

murders. He merely contends that further investigation into his mental health could have opened the

door "for other possible defenses." See Dkt. # 11, Ex. 4 at 5. Although Petitioner claims he had been

treated previously for mental health issues, he does not indicate that he told his counsel about this

treatment. Further, there is nothing in the record to suggest that counsel should have suspected

Petitioner had previously been treated for mental health problems. The Court finds that trial

counsel's failure to procure psychiatric testing for Petitioner does not rise to the level of a

constitutional violation.

### d.       Improper advice dissuading Petitioner from testifying

Petitioner next alleges that trial counsel violated his constitutional right to effective

representation because he was coerced by counsel into not testifying at trial. The record contradicts

Petitioner's assertions, as evidenced by the following colloquy:

JUDGE:       Mr. Kidwell, it's my understanding, sir, that you have made a decision as to
             whether or not you want to testify in this case; is that true?

KIDWELL:     Yes, sir.

JUDGE:       And you understand, sir, you have an absolute right to testify, if you choose
             to do so; an absolute right not to testify, if you choose to do so.

KIDWELL:     Yes, sir, I'm fully aware of that.

JUDGE:       Is anyone forcing you, threatening you or pressuring you to get you to make
             a decision one way or another in this case?

KIDWELL:     No, sir.

JUDGE:       And what is your decision, sir?

KIDWELL:     That I will not testify.

JUDGE:       Are your lawyers forcing you not to testify?

17

KIDWELL:     No, sir.

JUDGE:      Are the D.A.s forcing you not to testify?

KIDWELL:     No, sir.

JUDGE:      Am I forcing you not to testify?

KIDWELL:     No, sir.

JUDGE:      Is anyone forcing you not to testify, sir?

KIDWELL:     No, sir.

JUDGE:      Is this your free and voluntary choice, your decision not to testify; is that correct?

KIDWELL:     Yes, sir.

JUDGE:      This is a strategy or discussion you've had with your lawyers; is that correct?

KIDWELL:     Yes, sir.

JUDGE:      And you're satisfied with your decision; is that true, sir?

KIDWELL:     Yes, I'm satisfied.

(Dkt. # 12, Tr. Trans. Vol. 12 at 88-89). The Supreme Court has held that, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (citations omitted). Whether a criminal defendant testifies at his trial is the defendant's decision. See Harris v. New York, 401 U.S. 222, 225 (1971). Apart from Petitioner's unsupported allegations of coercion, nothing in the record suggests Petitioner's counsel prohibited him from testifying. Even if Petitioner's counsel advised him not to testify, such a suggestion would be considered a matter of trial strategy.

18

The Court finds that Petitioner's present claim that his counsel coerced him to waive his right to testify is controverted by the record. Petitioner has failed to overcome the strong presumption that his declarations to the trial court regarding his decision not to testify were truthful. He has not demonstrated that his trial counsel was ineffective.

### e.      Failure to send a timely copy of the direct appeal brief to Petitioner

In addition to the omitted claims of ineffective assistance of trial counsel, Petitioner argues that appellate counsel was ineffective for failing to send a copy of the direct appeal brief to Petitioner in time for him to review the brief and "insist on the other more appropriate and relevant issues." <u>See</u> Dkt. # 11, Ex. 4 at 6. Other than the omitted ineffective assistance of trial counsel claims, Petitioner fails to explain what other "appropriate and relevant issues" he would have insisted on including in his direct appeal brief if he had an opportunity to review it earlier. Unsubstantiated, conclusory allegations do not warrant habeas corpus relief. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner is not entitled to habeas relief on this claim.

In summary, upon review of appellate counsel's alleged failures to raise certain issues on direct appeal, the Court has examined the omitted issues and concluded they lacked merit. If an issue is meritless, its omission will not constitute deficient performance. <u>Cargle</u>, 317 F.3d at 1202. Further, because Petitioner's ineffective assistance of trial counsel arguments are meritless, appellate counsel was not ineffective for failing to raise them.

19

### 5.   Trial court's abuse of discretion in denying pretrial motions (ground 8)

In his eighth ground for relief, Petitioner asserts that trial Judge Jesse Harris abused his discretion when he overruled Petitioner's motion to suppress evidence. Although the claim deals, once again, with Petitioner's Fourth Amendment issues, he raised this specific challenge to Judge Harris' ruling for the first time on post-conviction (Dkt. # 11, Ex. 5). The district court found that the issue had been raised, and rejected, on direct appeal. Because defendant failed to show that the issue was inadequately presented on direct appeal, the district court found the issue barred on post-conviction. Id. On appeal of the order denying post-conviction relief, the OCCA agreed, finding the issue "barred by the doctrine of *res judicata*" (Dkt. # 11, Ex. 6). As discussed in this Court's analysis of grounds 1-4, above, Petitioner had an opportunity to fairly and fully litigate his Fourth Amendment issues. Thus, this Court is precluded from further review of the state courts' rulings pursuant to Stone v. Powell.

### 6.   Cumulative error (ground 9)

As his ninth proposition of error, Petitioner claims that he is entitled to reversal of his convictions based on cumulative error. The OCCA rejected this claim on direct appeal. See Dkt. # 11, Ex. 3.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors

20

is not part of the analysis. <u>Le v. Mullin</u>, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing <u>United States v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this ground.

**C.      Procedural bar (part of ground 7)**

As stated above, Petitioner raised his ineffective assistance of counsel claims for the first time in post-conviction proceedings. The district court addressed the merits of his claims, denying relief. On post-conviction appeal, the OCCA acknowledged the district court's treatment of these claims but concluded that all "allegations as to trial counsel's ineffectiveness have been waived as this is an issue which could have been raised on direct appeal." <u>See</u> Dkt. # 11, Ex. 6 at 2. Respondent contends that the ineffective assistance of trial counsel claims are procedurally barred. The Court need not belabor the procedural bar question. In adjudicating Petitioner's claim of ineffective assistance of appellate counsel in section B.4, above, the Court determined that Petitioner's claims of ineffective assistance of trial counsel lack merit. For that reason, Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel.

**D.  Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the amended petition for writ of habeas corpus (Dkt. # 16) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 5th day of March, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT